## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-13181 (LSS) |
| EuCyt Laboratories, LLC, | § | |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| | § | |
| JEOFFREY L. BURTCH, Chapter 7 Trustee, | § | |
| | § | |
| Plaintiff, | § | Adv. Proceeding No. 22-50512 (LSS) |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| AARON COATS; TRAVIS H. BIRD; | § | |
| AVEM HOLDINGS, LLC; AVEM | § | |
| BIOPHARMACEUTICALS, LLC, AVEM | § | |
| LABS, LLC; AVEM DIAGNOSTICS, LLC; | § | |
| AVEM MEDICAL, LLC; and the JOHN | § | |
| DOE ENTITIES, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' (EXCEPT AARON COATS) ORIGINAL ANSWER

COME NOW Travis H. Bird, AVEM Holdings, LLC, AVEM Healthcare, LLC, AVEM

Biopharmaceuticals, LLC, AVEM Labs, LLC, AVEM Laboratories, LLC, AVEM Diagnostics,

LLC, and AVEM Medical, LLC (collectively, the "Defendants"), and file this their *Original*

*Answer* (the "Answer") to the *Complaint for (a) Turnover of Assets, Property, Documents, and*

*Records of and Relating to the Debtor Pursuant to 11 U.S.C. § 542, (b) for an Accounting, (c)*

*Avoidance of the Transfer of Assets Pursuant to 11 U.S.C. § 548, (d) Recover of Property*

*Transferred Pursuant to 11 U.S.C. § 550, and (e) Unjust Enrichment* (the "Complaint"), filed by

Jeoffrey L. Burtch (the "Trustee"), the trustee of EuCyt Laboratories, LLC ("EuCyt"). Where the

Defendants do not expressly admit an allegation in the Complaint, such allegation is denied.

# I.  ANSWER

1.  Admitted.

2.  Denied with respect to this proceeding is a core proceeding as set forth in paragraph 2 of the Complaint, admitted as to the balance of the paragraph.  The Defendants hereby demand a jury trial as set forth herein and affirmatively state that they do not consent to entry of final orders or judgments by the Court.

3.  Admitted.

4.  Paragraph 4 of the Complaint asserts a conclusion of law to which no response is required.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10.  Admitted.

11.  Admitted.

12.  Admitted.

13.  Admitted.

14.  Admitted.

15.  The Defendants do not have sufficient information to either admit or deny the first sentence of paragraph 15 of the Complaint and therefore deny the same.  The Defendants admit the balance of said paragraph.

16.  Admitted.

17.  Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     The Defendants do not know who the John Doe Entities are and can therefore neither admit nor deny paragraph 22 of the Complaint.

23.     The Defendants do not have sufficient information to either admit or deny paragraph 23 of the Complaint and therefore deny the same.

24.     The Defendants do not have sufficient information to either admit or deny paragraph 24 of the Complaint and therefore deny the same.

25.     The Defendants do not know what Coats has or has not produced and they therefore deny the allegations concerning Coats in paragraph 25 of the Complaint. They deny the balance of said paragraph.

26.     Admitted.

27.     Admitted.

28.     Denied.

29.     The Defendants do not know what Coats allegedly knew and they therefore deny the allegations concerning Coats in paragraph 29 of the Complaint. The Defendants deny the balance of said paragraph.

30.     Responding to the allegations contained in paragraph 30 of the Complaint, the Defendants state that the referenced documents speak for themselves.

31.     The Defendants do not know what Coats allegedly has in his possession, custody, or control, and they therefore deny the allegations concerning Coats in paragraph 31 of the

Complaint. The Defendants generally admit the allegations contained in said paragraph 31 with respect to Bird, without necessarily admitting each item of documents and records.

32. Admitted.

33. Denied.

34. The Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore deny the same.

35. The Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore deny the same.

36. The Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore deny the same.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Without admitting E. coli poisoning or "as a result of," the Defendants admit the allegations contained in paragraph 41 of the Complaint.

42. Admitted.

43. Responding to the allegations contained in paragraph 43 of the Complaint, the Defendants answer that the referenced document speaks for itself.

44. Responding to the allegations contained in paragraph 44 of the Complaint, the Defendants answer that the referenced document speaks for itself.

45. The Defendants admit the first sentence of paragraph 45 of the Complaint and deny the second sentence of said paragraph.

46.     The Defendants do not know what Coats may or may not have produced and they therefore deny paragraph 46 of the Complaint with respect to Coats.  They deny the allegations in said paragraph with respect Bird.

47.     Denied.

48.     Admitted.

49.     Admitted.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Responding to the allegations in paragraph 54 of the Complaint, the Defendants answer that the referenced documents speak for themselves.

55.     Admitted.

56.     Denied.

57.     Admitted.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     The Defendants admit the fact of the transfer but deny that it was a dividend of equity distribution.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     The Defendants do not know what is meant by "majority" of "cash assets" and therefore deny the allegations in the first sentence of paragraph 68 of the Complaint. The Defendants admit the second and third sentences of said paragraph, but deny and dispute the characterization of a "dividend." The Defendants deny the last sentence of said paragraph.

69.     Denied.

70.     Denied.

71.     The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 71 of the Complaint with respect to Coats. They deny said paragraph with respect to Bird.

72.     Admitted.

73.     Admitted.

74.     Admitted.

75.     Admitted.

76.     Admitted.

77.     Responding to the allegations contained in paragraph 77 of the Complaint, the Defendants admit the fact of no license but deny the implication that the same was proper or needed.

78.     Responding to the allegations contained in paragraph 78 of the Complaint, the Defendants answer that the referenced document speaks for itself.

79.     Denied.

80.     Admitted.

81.     Admitted.

82.     Admitted.

83.     Admitted.

84.     Responding to the allegations contained in paragraph 84 of the Complaint, the Defendants answer that the referenced document speaks for itself.

85.     Responding to the allegations contained in paragraph 85 of the Complaint, the Defendants answer that the referenced document speaks for itself.

86.     Denied.

87.     Denied.

88.     The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and therefore deny the same.

89.     The Defendants admit the fact of the inspections and otherwise deny the allegations in paragraph 89 of the Complaint.

90.     The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and therefore deny the same.

91.     Admitted.

92.     Denied.

93.     Denied.

94.     The Defendants admit the fact of shipping products but deny the balance of the allegations contained in paragraph 94 of the Complaint.

95.     Denied.

96.     The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint and therefore deny the same.

97.     Admitted.

98. The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and therefore deny the same.

99. The Defendants admit the allegations contained in paragraph 99 of the Complaint but deny the implication of FDA restricted products.

100. Admitted.

101. The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint and therefore deny the same.

102. Admitted.

103. The Defendants admit the allegations contained in paragraph 103 of the Complaint but deny the implication of FDA restricted products.

104. Denied.

105. The Defendants admit that EuCyt sold and shipped certain products to MediSource but lack sufficient information to form a belief as to the truth of the balance of the allegations contained in paragraph 105 of the Complaint and therefore deny the same.

106. The Defendants admit the allegations contained in paragraph 106 of the Complaint but deny the characterization of a "consulting agreement."

107. Admitted.

108. Denied.

109. Denied.

110. Denied.

111. Admitted.

112. Admitted.

113. Admitted.

114.    The Defendants do not know what Coats may or may not have produced and they therefore deny paragraph 114 of the Complaint with respect to Coats.  They deny said paragraph with respect to Bird.

115.    Denied.

116.    Admitted.

117.    Responding to the allegations contained in paragraph 117 of the Complaint, the Defendants answer that the referenced document speaks for itself and they deny the implication of "despite."

118.    Admitted.

119.    Admitted.

120.    Admitted.

121.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint and therefore deny the same.

122.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint and therefore deny the same.

123.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint and therefore deny the same.

124.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint and therefore deny the same.

125.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint and therefore deny the same.

126.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Complaint and therefore deny the same.

127.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint and therefore deny the same.

128.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint and therefore deny the same.

129.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint and therefore deny the same.

130.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint and therefore deny the same.

131.    The Defendants do not understand what the allegation in paragraph 130 of the Complaint is and can therefore not answer the same.

132.    Denied.

133.    Denied.

134.    Denied.

135.    The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Complaint and therefore deny the same.

136.    Denied.

137.    Admitted as to "registered," denied as to "approved."

138.    Admitted as to "registered," denied as to "approved."

139.    Admitted.

140.    Denied.

141.    Admitted as to fact, but denied as to implication that the same should have been disclosed or turned over.

142.    Denied.

143.     The Defendants admit the allegations contained in the first sentence of paragraph 143 of the Complaint and do not have sufficient information to form a belief as to the truth of the second sentence of said paragraph, and therefore deny the same.

144.     The Defendants do not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the Complaint and therefore deny the same.

145.     The Defendants admit the fact of the remodeling and payments but deny value transferred to AVEM Diagnostics and Bird.

146.     Denied.

147.     Admitted.

148.     Admitted.

149.     The Defendants admit that Bird is the beneficial owner of AVEM Diagnostics, admit the fact of payments, deny that EuCyt paid them from its funds, and deny any implication regarding reimbursement.

150.     Admitted.  The same are subject to a grand jury subpoena and as the Defendants have informed the Trustee, they have been instructed that they cannot turn the same over to him.

151.     Admitted.

152.     Admitted.

153.     Admitted.

154.     Admitted.

155.     Responding to the allegations contained in paragraph 155 of the Complaint, the Defendants answer that the referenced document speaks for itself.

156.     Denied.

157.     Admitted.

158.     Denied.

159.     Admitted.

160.     Admitted.

161.     The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 161 with respect to Coats.  They deny said paragraph with respect to Bird.

162.     Denied.

163.     Admitted.

164.     Denied.

165.     Denied.

166.     Admitted.

167.     Admitted.

168.     Admitted.

169.     Denied.

170.     Admitted.

171.     Admitted.

172.     Admitted.

173.     The Defendants admit the first sentence of paragraph 173 of the Complaint.  With respect to the second sentence, they do not know what Coats did or did not disclose and deny said sentence with respect to him, and admit said sentence with respect to Bird, denying any implication that any disclosure or turnover was appropriate.

174.     Admitted.

175.     Admitted.

176.     Denied.

177.    Responding to the allegations contained in paragraph 177 of the Complaint, the Defendants answer that the referenced document speaks for itself.

178.    The Defendants do not know what the FDA was aware of and therefore deny paragraph 178 of the Complaint.

179.    Responding to the allegations contained in paragraph 179 of the Complaint, the Defendants answer that the referenced document speaks for itself.

180.    Admitted.

181.    Admitted.

182.    Admitted.

183.    The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 183 with respect to Coats.  They admit said paragraph with respect to Bird, denying any implication that any such production was appropriate.

184.    Denied.

185.    Denied.

186.    Responding to the allegations contained in paragraph 186 of the Complaint, the Defendants answer that the referenced document speaks for itself.

187.    The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 187 with respect to Coats.  They admit said paragraph with respect to Bird, denying any implication that any such production was appropriate.

188.    Admitted.

189.    Responding to the allegations contained in paragraph 189 of the Complaint, the Defendants answer that the referenced document speaks for itself.

190.    Admitted.

191.	The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 191 with respect to Coats. They admit said paragraph with respect to Bird, denying any implication that any such production was appropriate.

192.	Admitted, but denied as to any implication that EuCyt did anything or owned anything within paragraph 192 of the Complaint.

193.	The Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 193 of the Complaint, and therefore deny the same.

194.	The Defendants do not have sufficient information to form a belief as to the truth of the allegations contained in paragraph 194 of the Complaint, and therefore deny the same.

195.	Admitted.

196.	The Defendants admit the fact of the report but deny that EuCyt created it.

197.	Denied.

198.	Admitted.

199.	The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 199 with respect to Coats. They admit said paragraph with respect to Bird, denying any implication that any such production was appropriate.

200.	Admitted.

201.	The Defendants do not know what Coats may or may not have produced and therefore deny paragraph 201 with respect to Coats. They admit said paragraph with respect to Bird, denying any implication that any such production was appropriate.

202.	Admitted, but denied as to any implication that the same should have been listed.

203.	Admitted, but denied as to any implication that the same should have been listed.

204.	Admitted, except that there was any alleged multi-million dollar investment deal.

205.	Denied.

206.     Admitted.

207.     The Defendants deny the Trustee's allegations.

208.     Admitted.

209.     Admitted.

210.     Denied.

211.     The Defendants admit that AVEM Holdings has the asset in the clinical trial but they do not understand the balance of the allegations in said paragraph so as to be able to formulate a response.

212.     Denied.

213.     Denied.

214.     The Defendants deny the Trustee's allegations.

215.     Admitted.

216.     Denied.

217.     Admitted, but denied as to implication that the funds belonged to EuCyt or that Bird benefited from the transfers.

218.     Admitted.

219.     Admitted, but denied as to implication that the funds belonged to EuCyt.

220.     Admitted.

221.     Admitted.

222.     Denied.

223.     Admitted.

224.     Admitted.

225.     Denied.

226.     Denied.

227. Denied.

228. Denied.

229. Denied.

230. The Defendants admit that Bird is a defendant but deny the Trustee's allegations.

231. Denied.

232. Denied.

233. Denied.

234. Admitted.

235. Admitted.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Admitted, except as to when most of the improvements were made.

241. The Defendants admit that EuCyt transferred funds for improvements and for rent but do not otherwise understand the allegations in paragraph 241 of the Complaint and therefore deny the same.

242. Admitted.

243. Admitted.

244. Admitted.

245. Denied.

246. Denied.

247. Denied.

248. Admitted.

249.    Admitted.

250.    Denied.

251.    Admitted.

252.    Admitted.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Admitted.

257.    Denied.

258.    Denied.

259.    Admitted.

260.    The Defendants are not custodians and are not subject to the referenced statute.

261.    Denied.

262.    Denied.

263.    The Defendants incorporate their answers above.

264.    The Defendants deny that the Trustee is entitled to any relief.

265.    Denied.

266.    Denied.

267.    The Defendants incorporate their answers above.

268.    The Defendants deny that the Trustee is entitled to any relief.

269.    Denied.

270.    Denied.

271.    Denied.

272.    The Defendants deny that the Trustee is entitled to any relief.

273.    Denied.

274.    The Defendants deny that the Trustee is entitled to any relief.

275.    Denied.

276.    The Defendants incorporate their answers above.

277.    Admitted.

278.    Admitted as to the fact of transfer, denied as to allegation of dividend.

279.    Admitted as to the fact of transfer, denied as to allegation of dividend.

280.    Admitted.

281.    Admitted.

282.    Admitted.

283.    Admitted.

284.    Admitted.

285.    Admitted as to the fact of transfer, denied as to allegation of dividend.

286.    Admitted, except denied as to allegation of dividend.

287.    Admitted, except denied as to allegation of dividend.

288.    Denied.

289.    Denied.

290.    Admitted.

291.    Admitted.

292.    Admitted.

293.    Denied.

294.    Admitted.

295.    Denied.

296. The Defendants admit the first clause of paragraph 296 of the Complaint, and deny the second clause.

297. Denied.

298. Admitted.

299. Denied.

300. Denied.

301. Admitted, except denied as to allegation of dividend.

302. Denied.

303. Denied.

304. Denied.

305. Denied.

306. The Defendants incorporate their answers above.

307. Admitted.

308. Admitted as to fact of transfer, denied as to allegation of dividend.

309. Admitted, except denied as to allegation of dividend.

310. Admitted, except denied as to allegation of dividend.

311. Admitted.

312. Admitted, except denied as to allegation of dividend.

313. Admitted.

314. Admitted, except denied as to allegation of dividend.

315. Admitted, except denied as to allegation of dividend.

316. Admitted, except denied as to allegation of dividend.

317. Denied.

318. Denied.

319.    Denied.

320.    Admitted.

321.    Admitted.

322.    Admitted.

323.    Admitted, except denied as to allegation of E. coli poisoning.

324.    Denied.

325.    Denied.

326.    Denied.

327.    The Defendants admit the first clause in paragraph 327 of the Complaint and deny the second clause in said paragraph.

328.    Denied.

329.    Admitted.

330.    Denied.

331.    Admitted, except denied as to allegation of dividend.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

336.    The Defendants incorporate their answers above.

337.    Denied.

338.    The Defendants deny that the Trustee is entitled to any relief.

339.    Denied.

340.    Denied.

341.    The Defendants deny that the Trustee is entitled to any relief.

342. Denied.

343. Denied.

344. Admitted.

345. The Defendants admit that Bird was in control of the Debtor at the time of the alleged transfers, and deny the existence of those transfers.

346. Admitted.

347. Admitted.

348. Denied.

349. Denied.

350. Denied.

351. Denied.

352. Denied.

353. Denied.

354. Denied.

355. Denied.

356. Denied.

357. Denied.

358. Denied.

359. Denied.

360. Denied.

361. The Defendants incorporate their answers above.

362. Denied.

363. The Defendants deny that the Trustee is entitled to any relief.

364. Paragraph 364 of the Complaint does not require an answer.

365. Denied.

366. Denied.

367. Denied.

368. Denied.

369. Admitted.

370. Admitted.

371. Admitted, except denied as to the existence of a transfer.

372. Denied.

373. The Defendants deny that the Trustee is entitled to any relief.

374. Denied.

375. Denied.

376. Denied.

377. Admitted.

378. Denied.

379. Denied.

380. Admitted.

381. Denied.

382. Denied.

383. Denied.

384. Denied.

385. Denied.

386. The Defendants incorporate their answers above.

387. The Defendants deny that the Trustee is entitled to any relief.

388. Admitted.

389.     The Defendants admit the first sentence of paragraph 389 of the Complaint, and deny the balance of said paragraph.

390.     Admitted.

391.     Admitted, except the Defendants deny that the Trustee is entitled to any relief.

392.     Admitted.

393.     The Defendants deny that the Trustee is entitled to any relief.

394.     Denied.

395.     Admitted.

396.     Admitted.

397.     Admitted.

398.     Admitted.

399.     Admitted.

400.     Admitted.

401.     Denied.

402.     Denied.

403.     Denied.

404.     Denied.

405.     Denied.

406.     Denied.

407.     Denied.

408.     Denied.

409.     Denied.

410.     The Defendants incorporate their answers above.

411.     The Defendants deny that the Trustee is entitled to any relief.

412.    Admitted.

413.    Admitted.

414.    Admitted.

415.    Denied.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

425.    The Defendants incorporate their answers above.

426.    Admitted.

427.    Denied.

428.    Admitted, except denied as to allegation of dividend.

429.    Denied.

430.    Denied.

431.    Denied.

432.    Denied.

433.    Denied.

434.    Denied.

435.    Denied.

436.    Denied.

437.    Denied.

438.    Denied.

439.    Denied.

440.    Denied.

441.    Denied.

442.    Denied.

443.    Denied.

444.    Denied.

445.    Denied.

446.    Denied.

447.    The Defendants incorporate their answers above.

448.    Denied.

449.    Denied.

450.    Denied.

451.    Denied.

452.    Denied.

453.    Denied.

454.    Denied.

455.    The Defendants retain and reserve all rights.

456.    The Defendants retain and reserve all rights.

## II.    <u>AFFIRMATIVE DEFENSES</u>

1.    The Debtor received reasonably equivalent value for any transfer alleged by the Trustee.

2.      To the extent the Defendants received any transfer that is alleged by the Trustee, they took such transfer in good faith and without knowledge of the possible avoidance of such transfer, and for value.  The Defendants claim lien rights under 11 U.S.C. § 548(c) to the extent of any avoidance.

3.      To the extent the Defendants received any transfer that is avoided, at or after such transfer they contributed value to the Debtor, including through equity funding, on account of which they claim lien rights under 11 U.S.C. § 548(c) and setoff and recoupment rights as permitted by equity.

4.      The Trustee's claims are barred by unclean hands and *in pari delicto*.

5.      Most of the claims asserted in the Bankruptcy Case are not valid and should be disallowed, and the Trustee's recovery, if any, should be limited to allowed claims against the estate under 11 U.S.C. § 550 and all other applicable statutes.

6.      Many of the transfers the Trustee complains of or property the subject of the Complaint were not the property of the Debtor or were not transfers of property of the Debtor, but rather of non-debtor property.

### III.      <u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a jury trial pursuant to Bankruptcy Rule 9015 and Rule 38 of the Federal Rules of Civil Procedure on all issues of fact that are triable by a jury under the laws of the United States or the State of Delaware.

# IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the Court deny the Trustee any relief on his Complaint or, alternatively, charge any proceeds the Trustee may be awarded with an equitable lien, setoff, and recoupment rights on account of the value the Defendants provided the Debtor, and that the Court grant the Defendants such other and further relief to which they may be justly entitled.

Respectfully Submitted,

Dated: February 20, 2023
       Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Morgan L. Patterson (DE Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:  morgan.patterson@wbd-us.com

MUNSCH HARDT KOPF & HARR, P.C.
Davor Rukavina, Esq. (Texas Bar No. 24030781)
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com

***COUNSEL FOR TRAVIS H. BIRD;
AVEM HOLDINGS, LLC; AVEM
BIOPHARMACEUTICALS, LLC, AVEM
LABS, LLC; AVEM DIAGNOSTICS, LLC;
AND AVEM MEDICAL, LLC***